Rogers, J.—
í( I would not wish to be understood as saying, that the Circuit Court erred in the principle of construction laid down to the jury, but merely as expressing some doubts which the commonwealth’s counsel had no opportunity of removing. The original agreement between the proprietors, and Craig and Bayard, was made January, 1788. At that time, it does not appear that there was any intention to lay out a town. By that agreement, there can *402 be no question that Craig and Bayard purchased all the lands lying between the rivers Monongahela and Allegheny. Their rights would be bounded only by the rivers. Before a deed was made of the premises, the town of Pittsburg was laid out, according to a plan made by Mr. Woods', and in the deed conveying the property, there is reference to the plan, as a description of the property; but, at the same time, the boundaries of the right are, as in the agreement, the rivers Monongahela and Allegheny. There is no question that the deed may control the agreement; but to do so, it should be clearly in opposition to it, and we are not to suppose that the parties would all give up a right, and a valuable one too, without it clearly appears to be so. If, then, you reconcile the deed with the article, it would best comport with the intention of the parties, which is the general rule. It has occurred to me, that after the purchase, it was resolved to lay out the town, and this with the consent of Craig and Bayard, whose rights would be affected. There is then, no difficulty in giving effect to all the words in the deed. There would be an easement in -the public, but the right of soil would be in Craig and Bayard and their representatives. This construction is fortified by the fact, that the party went into possession, and has continued to enjoy it as their property, from that time until the present.”
“ I cannot exactly agree with the broad proposition laid down, that no length of time, coupled with the enjoyment of a right of property, will be a bar to an indictment for a nuisance. I look upon it as a doctrine of the most extensive nature, and alarming in its consequences. It will affect, more or less, most of the towns in Pennsylvania, and may lead to a scene of controversy, destructive to private rights and the public peace.”
Even on the doubt of Judge Rogers, as to the construction of the conveyance, and the endeavours to reconcile the conveyance with the original agreement, this would be a nuisance; for if it was admitted that the right of soil was conveyed to Craig and Bayard beyond the limits of their lots, yet it is conceded that the right of highway is in the public: the obstruction of this by stone walls and brick buildings, by the owner of the soil, would be a nuisance, indictable and abateable.
The motion fpr a new trial is therefore overruled, and this Court adjudge that the defendant pay a fine of one dollar and the costs of prosecutiou, that he abate the nuisance of his own costs, and stand committed until this sentence be complied with.
{Note. — It should have been mentioned in the introductory remarks, after the words “ for about thirty-five years,” that a prior owner of lots 143 and 144, erected a frame building on Water Street, near said lots, in the year 1796 or 7; but this building, after standing several years, was long since removed by the proprietor.)